IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TYRONE GUINN,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )       Civ. No. 06-221-KAJ
                                       )
NICOLE M. WALKER,                      )
                                       )
            Defendant.                 )

**MEMORANDUM ORDER**

Plaintiff Tyrone Guinn ("Guinn"), an inmate at the Delaware Correctional Center,

Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.  He appears *pro se*

and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915.  (D.I. 5.)  The Court now proceeds to review and screen the complaint pursuant

to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed without prejudice

as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.    THE COMPLAINT**

Guinn alleges that he was deprived of the right to a fair trial, in violation of the

Fifth and Sixth Amendments to the United States Constitution.  He alleges that

defendant Nicole M. Walker ("Walker"), an attorney with the office of the Delaware

Public Defender, did not follow his instructions, failed to subpoena and call a witness,

and in general did not provide him with effective assistance of counsel.  He also alleges

that she denied him the right to due process.  Guinn alleges that because of Walker's

actions, his conviction was affirmed on direct appeal by the Delaware Supreme Court.

Guinn asks for $2.5 million in  compensatory damages.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for

dismissal under certain circumstances.  When a prisoner seeks redress from a

government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the

complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that

the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff.  *Haines v.

Kerner*, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual

allegations in the complaint and all reasonable inferences that can be drawn

therefrom."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of

Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).  An action is frivolous if it "lacks an

arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989),

and the claims "are of little or no weight, value, or importance, not worthy of serious

consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when

"it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521

(1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

2

### III.    ANALYSIS

#### A.    Plaintiff's Habeas Claim

To the extent that Guinn attempts to challenge his conviction and/or sentence,

his sole federal remedy for challenging the fact or duration of his confinement is by way

of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475 (1973).  Moreover, a plaintiff

cannot recover under § 1983 for alleged wrongful incarceration unless he proves that

the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*

*v. Humphrey*, 312 U.S. 477, 487 (1994).  In the case at bar, Guinn acknowledges that

his conviction was affirmed by the Delaware Supreme Court.  Moreover, his motion for

a new trial and for postconviction relief was denied by the Superior Court of Delaware,

New Castle County, on May 25, 2006.  *See Delaware v. Guinn*, No. 0411013992, 2006

WL 1454811 (Del. Super. May 25, 2006).

Guinn has not alleged that his conviction or sentence was reversed or

invalidated as provided by *Heck*.  Accordingly, to the extent Guinn seeks damages for

his current incarceration his claim rests on an "inarguable legal conclusion" and is,

therefore, frivolous*. See Neitzke*, 490 U.S. at 326.

#### B.    State Actor

Walker is an attorney employed in the Public Defender's office, and as alleged

by Guinn she represented him in his criminal proceedings.  When bringing a § 1983

claim,  a plaintiff must allege that some person has deprived him of a federal right, and

3

that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Moore v. Tartler,* 986 F.2d 682, 685 (3d Cir.1993).

Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Harmon v. Delaware Secretary of State,*154 Fed.Appx. 283, 284-85 (3d Cir. 2005). Because Walker is not considered a state actor, the claim against her fails under § 1983. Therefore, I am dismissing without prejudice, the claim brought against Walker, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §1915A(b)(1).

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that the complaint is DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976).

UNITED STATES DISTRICT JUDGE

June 15, 2006
Wilmington, Delaware

4